FILED
08/29/2022
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Peg Allison
DV-15-2022-0000965-PI
Wilson, Dan
2.00

Alex K. Evans
Wayne Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop, Ste. 3
Kalispell, MT 59901
Telephone: (406) 552-4343
alex@glacierlawfirm.com

*Attorneys for Plaintiffs*

# MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| **CHARLES SISLER,** Plaintiff, v. **MAKITA U.S.A. INC., SAINT GOBAIN ABRASIVES, INC., FASTENAL COMPANY JOHN DOES 1-6; and DOE BUSINESS ENTITIES 1-10**, Defendants. | Cause No. _____ **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

**COMES NOW,** Plaintiff Charles Sisler, by and through his counsel, Alex K. Evans of Glacier Law Firm, PLLC, hereby complains and alleges as follows:

## PARTIES

1. For all relevant times herein, Plaintiff Charles Sisler was a resident of Flathead County, Montana.

2. Plaintiff Sisler was permanently and severely injured as the result of a defective Makita grinder and Norton Bluefire Grinding Wheel.

3. Makita U.S.A. Inc, is the manufacturer of the equipment that injured Mr. Sisler.

4. Makita U.S.A. Inc. is a California business licensed and registered to do business in the state of Montana.

5. Upon information and belief, Norton Company, the manufacturer of the grinding wheel, operates under the legal entity of Saint-Gobain Abrasives, Inc.

6. Saint-Gobain Abrasives, Inc. is a Pennsylvania Corporation.

7. Fastenal Company, is a Minnesota corporation licensed to do business in the State of Montana.

8. At all material times herein, Fastenal Company owned and operated a retail store located at 421 W Idaho St., Kalispell, MT 59901.

9. Upon information and belief, Fastenal Company sold Makita Grinders and Norton Bluefire Grinding Wheels out of its Kalispell retail store.

10. At all material times herein, upon information and belief, Fastenal Company sold the Makita grinder and Norton Bluefire Griding Wheel to Rocky Mountain Contractors, Mr. Sisler's temporary employer who in turn, provided it to Mr. Sisler to use.

11. Defendants John Does 1-6, are unknown persons who are believed to have caused harm to Plaintiffs by their wrongful acts and will be specifically identified when and if they become so known through further discovery.

12. Defendant Doe Business Entities 1-10 are subsidiaries of the named Defendants, foreign or domestic companies, corporations, partnerships, or other business entities who are responsible, in whole or in part, for Plaintiff's injuries and damages, due to their negligence, negligent design, manufacture, installation, testing, inspections, maintenance, management, servicing, training, education, control, supervision, sale, advertisement, express, implied, actual, oral, written, and other warranties relating to the Makita grinder and the Norton Company grinding

wheel and its construction, seatbelts, structural integrity, design, inspection, manufacture, sale, certification, and maintenance. These Doe business entities are not specifically known at this time. The numerous entities associated with Moffett have frequently changed names and varied liabilities make determination difficult prior to completion of additional discovery. Upon identification of any such entities, Plaintiffs will seek to amend his Complaint as appropriate.

13. All of the acts alleged to have been done or not to have been done by Defendants herein were done or not done by Defendants' agents and/or employees acting within the course and scope of their agency or employment for and on the behalf of said Defendants.

## VENUE AND JURISDICTION

14. Venue is proper in this Court as Plaintiff resided in Flathead County when he was injured there on or about August 27, 2019.

15. The Eleventh Judicial District Court in Flathead County has jurisdiction over Defendants as Plaintiff has alleged commissions of acts resulting in accrual within Montana of a tort action.

16. Upon information and belief, Defendants Makita U.S.A Inc., Saint Gobain Abrasives, Inc., and Fastenal Company, directly, or through wholly-owned subsidiaries, targeted Montana consumers and sold multiple grinders and grinding wheels in the state every year.

17. Upon information and belief, Defendants are sellers and manufacturers with continuous and systematic sales with individuals and businesses in Montana.

18. Defendant Fastenal Company, upon information and belief, is at home in this State with a place of business in Montana and subject to the Court's general jurisdiction. Alternatively, it is subject to specific jurisdiction from its continuous and systematic business within Montana.

19. Defendants Makita U.S.A. Inc. and SAINT GOBAIN ABRASIVES, INC., ANDERSON SERVICE, INC. are companies that, upon information and belief, sell grinders and grinding wheels and are "at home" in Montana and subject to the Court's general jurisdiction.

## FACTUAL BACKGROUND

20. On or about August 27, 2019, Charles Sisler was working for Randstand US dba (Spherion Staffing) as a temporary employee.

21. On or about August 27, 2019, Plaintiff Sisler was working on the premises of Rocky Mountain Contractors, in Kalsipell, MT.

22. The premises of Thomae Lumber is located at 2214 US HWY 2, Kalispell, MT 59901.

23. Plaintiff Sisler was operating a Makita grinder with a Norton Bluefire Grinding Wheel.

24. During the operation of said piece of equipment, Mr. Sisler the grinding wheel fractured and disintegrated and a chunk lacerated his elbow and left upper extremity.

25. Mr. Sisler suffered catastrophic as a result of the grinder and grinding wheel breaking and sending a piece of the grinding wheel through his left elbow and left upper extremity.

## COUNT I: STRICT PRODUCTS LIABILITY FOR DEFECTIVE DESIGN
### (As to all Defendants)

26. Plaintiffs re-allege the allegations contained in paragraphs 1 through 25.

27. Defendants were "sellers" of a product, as contemplated by Mont. Code Ann. § 27-1-719(1) and (2)(a).

28. Defendants sold a product (i.e. the grinder and grind wheel) in a defective condition unreasonably dangerous to a foreseeable user, Charles Sisler.

29. The product was expected to and did reach the user, the Jackson's, without substantial change in the condition in which it was manufactured.

30. The product was expected to and did reach the user, Charles Sisler without substantial change in the condition in which it was sold, at all levels of the chain of distribution.

31. As a direct and proximate cause of product's defect, Charles was damaged.

32. Defendants are strictly liable to Charles for all damages proximately caused by the grinder and grinding wheels defect.

33. The Defendants had a duty to deliver products free of harmful defects.

34. At the time Defendants designed, manufactured, sold and distributed the grinder and grind wheel it contained a defect or defects that made it unsafe for its intended use.

35. At the time of the accident, the grind wheel and grinder were in a condition substantially similar to when it left the control of Defendants.

36. The grinder and grind wheel Mr. Sisler operated was defective, unreasonably dangerous, and capable of causing injury beyond the expectation of an ordinary user.

37. The defect or defects was/were substantial factors in causing injuries and damages to Plaintiff Charles Sisler.

38. Upon information and belief, Defendants failed to design safer alternatives for the grinder and grind wheel to prevent it from disintegrating and fracturing and injuring its operator.

39. Upon information and belief, Defendants failed to incorporate technologically feasible and marketable alternative designs that existed at the time of the grinder and grind wheel's manufacture.

40. Upon information and belief, the defects are directly traceable to Defendants and render the grinder and grind wheel an unreasonably dangerous product as to Mr. Sisler, as well as to other foreseeable users, for which Defendants are strictly liable in tort.

41. As a result of the defective and dangerous condition of the grinder and grinding wheel, Charles Sisler has sustained physical, emotional, and psychological injuries, past and future medical expense, past and future lost income, past and future lost earnings capacity, loss of consortium, loss of established course of life, and other general and special damages in an amount to be determined at trial.

42. Defendants knew or should have known that death and/or catastrophic injuries could and have occurred due to defects in the grinder and grinding wheel's design.

43. Defendants failed to correct defects in the grinder and grinder wheel's design that they were aware of and failed to warn the public, including Plaintiff, about the defects and risks they posed.

44. Defendants acted with malice in that Defendants had knowledge of facts and intentionally disregarded facts that created a high probability of damage to Plaintiff and deliberately proceeded to act in conscious and intentional disregard of the high probability of injury to Plaintiff, and deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

45. Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined at trial.

46. Defendants are strictly liable for all damages resulting from Plaintiff's personal injuries pursuant to § 27-1-719, MCA.

### COUNT II: STRICT LIABILITY FOR FAILURE TO WARN
### (As to All Defendants)

47. Plaintiff re-alleges the allegations contained in paragraphs 1 through 46.

48. Plaintiff hereby incorporates by reference all of the above allegations as if fully set forth herein.

49. Defendants sold a product in a defective, unreasonably dangerous condition to a foreseeable user, Charles Sisler.

50. The product did not adequately warn of those dangers which would not be readily recognized by the ordinary user of the product.

51. As a result of the failure to adequately warn, Charles Sisler has sustained physical, emotional, and psychological injuries, past and future medical expense, past and future lost income, past and future lost earnings capacity, loss of consortium, loss of established course of life, and other general and special damages in an amount to be determined at trial.

## COUNT III: NEGLIGENCE
### (As to all Defendants)

52. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 51.

53. Upon information and belief, Defendants failed to adequately and properly train employees, designers, engineers, and staff on proper safety policies and procedures concerning the design, testing, installation, crash-testing, inspection, quality-control, and manufacture of the parts, used in the grinder and grinding wheel.

54. Defendants owed duties of care to the Plaintiff.

55. Defendants breached these duties of care by improperly and unsafely designing the grinder and grinding wheel.

56. These negligent errors, acts, omissions, and failures to use due and reasonable care proximately caused Plaintiff to suffer harm, injuries, and damages.

57. These negligent errors, acts, omissions, and failures to use due and reasonable care were a substantial factor in causing Plaintiff to suffer harm, injuries, and damages.

58. Defendants failed to use the due and reasonable care, in performing the aforementioned designs, inspections, testing, manufacture, and installation that a reasonably careful designer, manufacturer, supplier, or installer would use in similar circumstances to prevent exposing others to a foreseeable risk of harm.

59. Defendants failed to adequately and reasonably warn Plaintiffs as to the unsafe construction of the grinder and grinding wheel and dangers inherent in using it.

60. Defendants' actions, inactions, errors, omissions, and neglect described herein caused injuries, harm, and damages to Plaintiff.

## COUNT IV: STRICT LIABILITY
### (As to John Does 1-6 and Doe Business Entities 1-10)

61. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 61.

62. Upon information and belief, Defendants John Does 1-6 and Doe Business Entities 1-10 are individuals, dealerships, or retailers who sold the grinder and grinding wheel to Rocky Mountain Contractors.

63. Upon information and belief, Defendants John Does 1-6 and Doe Business Entities 1-10 are engaged in the business of selling grinders and grinding wheels.

64. Defendants John Does 1-6 and Doe Business Entities 1-10 sold a product in a defective, unreasonably dangerous condition to a foreseeable user, Rocky Mountain Contractors and its employees and temporary employees working on its premises.

65. The product sold by Defendants John Does 1-6 and Doe Business Entities 1-10 did not adequately warn of dangers that would not be readily recognized by the ordinary user of the product.

66. Plaintiff made reasonable use of the grinder and grinding wheel and was injured by it despite using it in a manner reasonably foreseeable.

67. Plaintiff had not discovered any defect with the grinder and grinding wheel prior to it to disintegrating and fracturing and lacerating his left elbow and left upper extremity, nor were the grinder and grinding wheel's defects open and obvious to him.

68. Plaintiff did not misuse the grinder or grinder wheel.

69. As a direct and proximate result of the individuals, dealerships, and/or retailer Defendants selling the grinder or grinding wheel in a defective condition, Charles Sisler has sustained physical, emotional, and psychological injuries, past and future medical expense, past and future lost income, past and future lost earnings capacity, loss of consortium, loss of established course of life, and other general and special damages in an amount to be determined at trial.

70. Defendants are liable for the harm caused to the ultimate user, Charles Sisler, pursuant to § 27-1-719, MCA.

## COUNT V: BREACH OF WARRANTY
(As to All Defendants)

71. Plaintiffs re-allege the allegations set forth in paragraphs 1-70.

72. Upon information and belief, Defendants sold the forklift at issue to retail buyers, such as Rocky Mountain Contractors, knowing the foreseeable user would be employees and workers like Charles Sisler.

73. The grinder and grinding wheel was not of the same quality as those generally acceptable in the trade.

74. The grinder and grinding wheel was not fit for ordinary purposes, that such grinders and grinding wheels are used for.

75. The grinder and grinding wheel was not safely and adequately built, tested, inspected, and designed.

76. The grinder and grinding wheel was not safely labeled, and no safe and meaningful warnings were given.

77. The grinder and grinding wheel did not measure up to Defendants' promises or warranties, express and implied, to the effect that it, and its construction, and components would withstand normal use and not fracture and impale the user.

78. Defendants knew or had reason to know that Plaintiff would use the grinder and grinding wheel for a particular purpose, i.e., grinding metal objects.

79. Defendants knew or had reason to know that Plaintiff was relying on their skill and judgment to select and design, test, inspect, build, and make a consumer product that was safe and suitable for grinding metal and would not imperil its operator while in use.

80. Plaintiff justifiably relied upon Defendants' skill and judgment.

81. The grinder and grinding wheel was not suitable and fit for grinding down metal objects and not able to keep the operator safe while in use.

82. Plaintiff was injured and damaged by Defendants' breach of these and other warranties, express and implied.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;

2. For all special damages proved and awarded by the jury;

3. For all other damages allowed by law and awarded by the jury;

4. For Plaintiff's costs and disbursements in this action;

5.  For punitive damages pursuant to Sec. 27-1-220, MCA;

6.  For attorney's fees based upon the inherent discretion of the Court; and

7.  For such other and further relief as the Court deems just and equitable under the circumstances.

## **JURY DEMAND**

1.  Plaintiff hereby demands a jury trial on all claims triable by right.

Dated: August 29, 2022

                                                                                 GLACIER LAW FIRM, PLLC

                                                                                 By: /s/ Alex K. Evans
                                                                                 Alex K. Evans
                                                                                 Wayne Olson
                                                                                 165 Commons Loop, Ste. 3
                                                                                 Kalispell, MT 59901
                                                                                 Telephone: (406) 552-4343
                                                                                 alex@glacierlawfirm.com
                                                                                 *Attorneys for Plaintiffs*